**Order entered September 13, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00607-CV

### PETER BEASLEY, Appellant

### V.

### SOCIETY OF INFORMATION MANAGEMENT, DALLAS AREA CHAPTER; JANIS O'BRYAN; AND NELLSON BURNS, Appellees

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-1 8-05278**

## ORDER
Before Chief Justice Burns, Justice Molberg, and Justice Nowell

Before the Court is appellant's motion for rehearing of our September 11, 2019 order denying his first opposed motion for emergency temporary orders. Appellant states we incorrectly defined the scope of the appeal in the order and asks for a correction. We **GRANT** the motion and **VACATE** our September 11th order. The following is now the order on the motion for emergency temporary orders.

The underlying suit in this appeal was filed by appellant. On appellees' motion, the trial court declared appellant vexatious pursuant to chapter 11 of the Texas Civil Practice and Remedies Code, ordered him to post bond in the amount of $422,064 as security to continue the suit, and required him to obtain permission from the appropriate local administrative judge prior

to filing any new suits. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.051, 11.055, 11.101. Appellant failed to post the bond, and the suit was dismissed. *See id.* § 11.056. This appeal challenges the order declaring appellant vexatious.

Asserting the trial court impermissibly denied him hearings on his motion for new trial and motion challenging defense counsel's authority to defend against the suit, appellant has filed an opposed first amended motion for emergency temporary orders. Specifically, he asks the Court to direct the trial court to "not interfere with [him] obtaining [] hearing[s]." And, because the trial court's plenary power will soon expire, he also asks we extend the plenary power.[1]

Civil practice and remedies code section 11.052 provides that, on the filing of a motion for an order declaring a plaintiff vexatious, "the litigation is stayed." *See id.* § 11.052. If the motion is granted, the stay remains in effect unless and until appellant posts security. *Drum v. Calhoun*, 299 S.W.3d 360, 369 (Tex. App.—Dallas 2009, pet. denied).

Because appellant failed to post the bond, the stay remains in place. Accordingly, we **DENY** the motion.

Appellant's motion to recuse Justices Lana Myers and Ada Brown remains pending.

/s/    KEN MOLBERG
        JUSTICE

---

[1] Appellant has a third request, that we direct the trial court "to not interfere with [him] filing court documents in support of this appeal," but he acknowledges both the Clerk of this Court and the trial court clerk have accepted his filings.